# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| THE LUTHERAN FAMILY MISSION, | ) | Case No. 06-09370 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| RICHARD M. FOGEL, not Individually, but as Chapter 7 Trustee of the Estate of The Lutheran Family Mission | ) ) ) ) ) | Adv. Pro. No. |
| Plaintiff, | ) ) ) | |
| Vs. | ) ) | |
| NYA BERRY; DARIUS BOLLING, JULIA BOWENS; RODNEY FALLS; ERIC GRANT; MICHELLE HARRELL; RALPH LAND; RALPH LAND & CO., C.P.A; ANGELA O'BANION; MICHAEL PLATT; VINCE RAGLAND; RICK STUCKEY; LOU SVENDSON; EMMETT VAUGHN | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Richard M. Fogel, not individually, but solely as Chapter 7 Trustee ("Trustee") of the Estate of the Lutheran Family Mission, pursuant to 11 U.S.C., Sections 542 and Federal Rule of Bankruptcy Procedures 7001(1) brings this Adversary Proceeding for breaches of fiduciary duty against the above captioned Defendant Directors and Officers of The Lutheran Family Mission ("LFM") and against Ralph Land and Land & Associates, for professional negligence in connection with Land's

SCC/031984.0001/Doc#11/V1

accounting services provided to LFM. In support of his request for relief, the Trustee respectfully states as follows:

## **FOUNDATIONAL ALLEGATIONS**

### **Introduction**

1. This is an Adversary Proceeding filed to recover damages to the Debtor's Estate caused by Defendants' breaches of fiduciary duty when they served as Directors and Officers of the Debtor, and against the Debtors' accountant for negligence and his breach of duty.

### **Jurisdictional Allegations**

2. On August 2, 2006, the Debtor filed the Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

3. Thereafter the Trustee was appointed to administer the Debtor's Estate ("Estate").

4. This Adversary Proceeding is a civil proceeding that arises under, in or relates to the Debtor's bankruptcy case within the meaning of 28 U.S.C. § 1334(b).

5. This Adversary Proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A), (E), (H), and (O).

6. This Court has the authority to hear this Adversary Proceeding and enter appropriate orders and a final judgment subject to review under 28 U.S.C. § 158(a)(1)

and pursuant to 28 U.S.C. § 157(b)(1) and the Internal Operating Procedures for the U.S. District Court for the Northern District of Illinois.

7. This Adversary Proceeding affects and relates to the property of the Debtor's Estate of which this Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1334(e).

**Background Facts**

8. The Lutheran Family Mission ("LFM"), Debtor, was incorporated as an Illinois not for profit corporation in 1939.

9. The records of the Secretary of State for the State of Illinois show that LFM was involuntarily dissolved on September 14, 2007.

10. During the time of its existence, LFM conducted business as a non-profit social services agency, serving the needs of individuals and families in and about the Chicago metropolitan area.

11. As a part of its services, LFM facilitated and was responsible for, among other things, foster care for children and operating head start programs.

12. LFM received funding through private and government grants and donations.

13. LFM's corporate governance consisted of a board of directors and officers.

14. LFM employed individuals who carried out its foster care and head start programs.

15. As a part of its operations, LFM maintained its own books, records and bank accounts.

16. LFM employed professional accounting services to audit its books and records and to prepare and assist with the filing of its tax returns.

17. In order to maintain is eligibility to receive governmental funding, LFM was required to comply with various government funding reporting requirements, including but not limited to having a qualified accounting firm perform what is known as an A-133 audit.

18. Upon information and belief, Defendants, Emmett Vaughn, Michael Platt, Eric Grant, Vince Ragland, Angela O'Banion, Julia Bowens, Rick Stuckey, Lou Svendson, Michelle Harrell, Rodney Falls, Nya Berry and Darius Bolling, are, and were at all times relevant to this cause of action, residents of the state of Illinois.

19. Defendant, Emmett Vaughn was at times relevant to the causes of action directed against him herein, the Chairman of the Board of Directors of LFM.

20. Defendant, Michael Platt was at times relevant to the causes of action directed against him herein, a Director of LFM.

21. Defendant, Eric Grant was at times relevant to the causes of action directed against him herein, a Director of LFM.

22. Defendant, Vince Ragland was at times relevant to the causes of action directed against him herein, a Director of LFM.

23. Defendant, Angela O'Banion was at times relevant to the causes of action directed against her herein, a Director of LFM.

24. Defendant, Julia Bowens was at times relevant to the causes of action directed against her herein, a Director of LFM.

25. Defendant, Rick Stuckey was at times relevant to the causes of action directed against him herein, a Director of LFM.

26. Defendant, Lou Svendson was at times relevant to the causes of action directed against her herein, a Director of LFM.

27. Defendant, Michelle Harrell was at times relevant to the causes of action directed against her herein, a Director of LFM.

28. Defendant, Rodney Falls was at times relevant to the causes of action directed against him herein, a Director of LFM.

29. Defendant, Nya Berry was at times relevant to the causes of action directed against her herein, an Officer and Director of LFM.

30. Defendant, Darius Bolling, was at times relevant to the causes of action directed against him herein, an Officer of LFM.

31. Defendant, Ralph Land, was at times relevant to the causes of action directed against him, the Certified Public Accountant for LFM.

32. Defendant, Ralph Land, is a resident of the State of Illinois and is a practicing Certified Public Accountant therein.

33. Defendant, Land & Company CPA, was at times relevant to the causes of action directed against it, the Certified Public Accounting firm with which Defendant, Ralph Land was associated.

34. Defendant, Land & Company CPA is a professional accounting firm providing Certified Public Accounting services in the State of Illinois.

5

35. At the times relevant to this cause of action, LFM kept its financial books on a fiscal year accounting period ending on June 30th.

36. On or before June 30, 2004 and all relevant times thereafter, Defendant Bolling acted in the capacity of Chief Financial Officer for LFM.

37. At all times relevant to the causes of action set forth herein, Defendant Bolling also acted in the capacity of Vice-President of Operations for LFM.

38. At all times relevant to the causes of action set forth herein, Defendant, Nya Berry acted in the capacity of President and Chief Executive Officer of LFM, in addition to her role as a Director.

39. On information and belief, from on or before June 30, 2004 until LFM ceased operations, Defendants, Ralph Land and Land & Company CPA acted as Certified Public Accountants for LFM and audited LFM's financial books and records.

40. From as early as June 30, 2000 until such time as LFM filed for bankruptcy, the financial condition of LFM was in a state of deterioration.

41. During the period of time in which the financial condition of LFM was deteriorating, the following events occurred:

   a. Between June 30, 2000 and June 30, 2002, LFM's bank debt grew by nearly $480,000.00 and its current liabilities grew by nearly $870,000.00.

   b. Between June 30, 2000 and June 30, 2002, LFM's annual revenue decreased by approximately $800,000.00.

   c. In 2002 Defendant, Nya Berry caused LFM to purchase a Mercedes Benz SUV at a cost of approximately $30,000.00 for her personal and company use.

d. Between the years 2002 and 2005 Defendants, Nya Berry and Darius Bolling caused LFM to pay to each of them their compensation without reporting same on a form W-2, as required under the Internal Revenue Code.

e. In 2003 and 2004, while LFM was falling behind in its payments to Home Health Care providers, LFM, with Board of Director's approval instituted a 401(k) plan for its executive officers, and, upon information and belief, contributed employer funding to same.

f. In January of 2004, LFM, with Board of Director's approval gave both Defendants, Berry and Bolling 10% pay raises.

g. On or before June of 2004, LFM paid premium payments on Universal Life Insurance Payments for Defendants, Berry and Bolling, which were intended to act as non-qualified executive compensation plans.

h. Upon information and belief, Defendant Grant, sold the aforementioned Universal Life Insurance policies to Berry and Bolling for which LFM paid the premiums.

i. From 2003 until its filing for bankruptcy, LFM continued to fall behind in its payment obligations to home based child care providers.

j. On or about October 19, 2004, LFM was notified by regulators that its certified public accountant, Ralph Land and Land & Company CPA, was unqualified to perform an A-133 audit in connection with LFM's continued eligibility to receive government funding for LFM's fiscal year 2003 audit.

k. LFM understated the amount of Federal Funding awards that it received in excess of $250,000.00.

l. On or before February 28, 2005, Defendants Bolling and Ragland met with LFM's auditor and argued that LFM's audit should not indicate the auditor's question as to whether LFM would remain in business for another year.

m. Following Defendant Ragland and Bolling's meeting with the auditor, the auditor agreed to amend the audit and not issue a "going concern" opinion, thus allowing LFM to continue operating.

n. After the February 2005 meeting between Ragland, Bolling and Land, LFM continued to operate in a manner that deteriorated its financial position.

o. On March 25, 2005 LFM caused its fiscal year 2004 audit to be submitted and which was performed by the same accountants, Ralph Land and Land & Co. CPA, who were previously deemed unqualified to conduct an A-133 audit.

p. In July of 2005, LFM's group health care insurance was cancelled for failure to pay premiums due.

q. On May 9, 2006 LFM was again provided notice by regulators of the unqualified status of the accountant who prepared the fiscal year 2004 audit.

r. By letter dated July 25, 2006, LFM received a notice from the Illinois State Board of Education of numerous deficiencies in its operations and proposed corrective actions.

s. LFM failed to carry out the proposed corrective actions.

t. By letter dated September 25, 2006, LFM received a Notice of Termination and Disqualification to participate in the Child and Adult Care Food Program, thus terminating a significant revenue source.

t.  As a result of LFM's continued financial and operational deterioration, it effectively ceased operations in July of 2006 and LFM filed for Chapter 7 Bankruptcy on August 2, 2006.

## COUNT I

### Breach of Fiduciary Duty as to Director Defendants

Paragraphs 1 – 41 in Plaintiff's "Foundational Allegations" section are fully re-alleged and re-stated as paragraphs 1 – 41 of this Count I.

42. At all times relevant to this Count I, Defendants, Vaughn, Platt, Grant, Ragland, O'Banion, Bowens, Stuckey, Svendson, Harrell, Falls and Berry ("Defendant Directors") were directors of LFM.

43. The Defendant Directors of LFM had an affirmative obligation to act in a diligent and careful manner in performing the duties undertaken in their capacity as an LFM director.

44. The Defendant Directors of LFM breached their duties as fiduciaries in failing to conduct there obligations as directors to diligently and carefully manage the business and financial affairs of LFM.

45. As a result of the Defendant Directors breach of fiduciary duties, the business and financial affairs of LFM suffered, causing injury to Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against the Defendant Directors, jointly and severally and in favor of Plaintiff and award Plaintiff damages in an amount in excess of $500,000.00.

## COUNT II

### Breach of Fiduciary Duty as to Officer Defendants

Paragraphs 1 – 45 in Plaintiff's "Foundational Allegations" section are fully re-alleged and re-stated as paragraphs 1 – 45 of this Count II.

46. At all times relevant to this Count II, Defendants, Berry and Bolling ("Officer Directors") were Officers of LFM.

47. The Defendants Officers of LFM had an affirmative obligation to act in a diligent and careful manner in performing the duties undertaken in their capacity as an LFM Officer.

48. The Defendant Officers of LFM breached their duties as fiduciaries in failing to conduct there obligations as directors to diligently and carefully manage the business and financial affairs of LFM.

49. As a result of the Defendants Officer's breach of fiduciary duties, the business and financial affairs of LFM suffered, causing injury to Plaintiff.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against the Defendant Officers, jointly and severally and in favor of Plaintiff and award Plaintiff damages in an amount in excess of $500,000.00.

## COUNT III

### Professional Negligence against Ralph Land

Paragraphs 1 – 49 in Plaintiff's "Foundational Allegations" section are fully re-alleged and re-stated as paragraphs 1 – 49 of this Count III.

50. At all times relevant to this Count III, Ralph Land ("Land"), was a Certified Public Accountant licensed to practice accounting in the State of Illinois

51. At all times relevant to this Count III, Land was the Certified Public Accountant for LFM and performed, among other things, tax and accounting services for LFM.

52. As such, Land owed a duty to LFM to perform his services in conformity with same degree of knowledge, skill and ability as ordinary careful professional would exercise in performing accounting and auditing work for a non-profit organization similarly situated to LFM.

53. Land, knew or should have known that certain qualifications of an auditor were necessary to perform the work for LFM that he engaged in and for which he was retained.

54. Land, breached his duty to LFM by failing to perform his duties as its Certified Public Accountant and to perform his services in conformity with same degree of knowledge, skill and ability as ordinary careful professional would exercise in performing accounting and auditing work for a non-profit organization similarly situated to LFM.

55. As a result of Land's breach of his professional duty, LFM was injured.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Land and in favor of Plaintiff and award Plaintiff damages in an amount in excess of $500,000.00.

## COUNT IV

### Professional Negligence against Land & Company CPA's

Paragraphs 1 – 55 in Plaintiff's "Foundational Allegations" section are fully re-alleged and re-stated as paragraphs 1 – 55 of this Count IV.

56. At all times relevant to this Count IV, Land & Company CPA ("Land & Co."), was a Certified Public Accounting Firm practicing accounting in the State of Illinois.

57. At all times relevant to this Count IV, Ralph Land was a member, partner, shareholder or principal of Land & Co., and was the Certified Public Accountant for LFM.

58. As such, Land & Co., owed a duty to LFM to perform its services in conformity with same degree of knowledge, skill and ability as ordinary careful professional would exercise in performing accounting and auditing work for a non-profit organization similarly situated to LFM.

59. Land & Co., knew or should have known that certain qualifications of an auditor were necessary to perform the work for LFM that it engaged in and for which it was retained.

60. Land & Co., breached its duty to LFM by failing to perform its duties as its Certified Public Accountant and to perform its services in conformity with same degree of knowledge, skill and ability as ordinary careful professional would exercise in performing accounting and auditing work for a non-profit organization similarly situated to LFM.

61. As a result of Land & Co.'s breach of its professional duty, LFM was injured.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Land & Co., and in favor of Plaintiff and award Plaintiff damages in an amount in excess of $500,000.00.

Respectfully submitted,

Richard M. Fogel, not individually but solely as Chapter 7 Trustee of the Estate of The Lutheran Family Mission

By: _____
Stahl Cowen Crowley, LLC

Stahl Cowen Crowley, LLC
Kevin R. Krantz
Scott N. Schreiber
55 West Monroe Street
Ste. 1200
Chicago, Illinois 60603
Phone (312) 377-7855
Fax (312) 423-8187
ARDC 6207327